PMARK P. VELEZ, ESQ. (SBN 163484)
SAMANTHA J. TANNER, ESQ. (SBN 314952)
**THE VELEZ LAW FIRM, PC**
3010 Lava Ridge Court, Suite 180
Roseville, California 95661
Telephone: (916) 774-2720
Facsimile: (916) 774-2730

Attorney for Plaintiff SUSANNA PALMA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

SUSANNA PALMA,

Plaintiff,

v.

HANGER PROSTHETICS & ORTHOTICS, INC, A Delaware Corporation,

Defendants.

CASE NO.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1. **Breach of Cal. Govt. Code §§ 12900, et seq.: Age Harassment;**
2. **Breach of Cal. Govt. Code § 12900 et seq.: Age Discrimination;**
3. **Breach of Govt. Code §12900, et seq.: Physical/Medical Condition Discrimination, including Perceived Physical/Medical Condition Discrimination;**
4. **Breach of Govt. Code §12900, et seq.: Medical/Physical Condition Harassment, and/or Perceived Medical/Physical Condition Harassment;**
5. **Breach of Gov. Code §12900, et seq.: Retaliation;**
6. **Breach of Gov. Code §12940(k) et seq., Failure To Prevent Discrimination/ Harassment/Retaliation.**

**[UNLIMITED CIVIL CASE]**

**JURY DEMANDED**

Plaintiff SUSANNA PALMA (hereinafter "Plaintiff") states her complaint against Defendants HANGER PROSTHETICS & ORTHOTICS, INC, A Delaware Corporation, as follows:

**I. STATEMENT OF JURISDICTION AND VENUE**

1. Plaintiff is a resident of Granite Bay, Placer County, in the State of California and a former employee of Defendant HANGER, INC., a Delaware Corporation.
2. Defendant HANGER PROSTHETICS & ORTHOTICS, INC, (hereinafter "Defendant HANGER" or "Defendant"), is incorporated under the laws of the State of Delaware, and has its principal place of business in the state of Delaware.
3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.
4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**GENERAL ALLEGATIONS**

5. At all times herein relevant, Defendant HANGER owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful discrimination, harassment and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendant HANGER owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or supported discrimination,

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to prevent and correct discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

6. Defendant breached the above-mentioned duties in that, at all times herein relevant, defendant acted in a manner which they knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation in the workplace. Defendant failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation. Defendant failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendant responded to actual and constructive notice of and complaints regarding discrimination harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and timely investigate situations noticed and complaints regarding discrimination, harassment and retaliation, with the intended purpose and foreseeable effect of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendant engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

7. At all times herein mentioned, each of the Defendant was the actual and apparent agent, servant and employee of each of the remaining defendants and in doing the things herein after alleged were acting within the course and scope of their actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants.

8. Defendant engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

## FACTUAL ALLEGATIONS

9. Plaintiff PALMA, a 56 year old mother of two, began working at Defendant HANGER as a Senior Office Administrator in about February 1995. As a Senior Office Administrator, Plaintiff's job duties included billing and collections, verified benefits and handling new referrals. Plaintiff was a loyal long-term employee with Defendant HANGER. For over two decades Plaintiff was a model employee with no significant or ongoing performance problems.

10. Starting in about 2014, Defendant HANGER manager, began making age based comments to Plaintiff, including, "we need someone younger at the window," and "we need younger, faster employees." Furthermore, Samantha Boston, employee of Defendant HANGER, asked Plaintiff "how old are you again." Moreover, David Egan, employee of Defendant HANGER, stated that Plaintiff was "too old, and couldn't hack it." The harassment was severe and pervasive and altered Plaintiff's work environment to that of a hostile work environment.

11. Due to harassment inflicted upon Plaintiff, in about October 2015, Plaintiff was diagnosed with stress, anxiety and depression and was forced to go out on medical leave. Plaintiff's severe stress, anxiety and depression limit major life activities.

12. Plaintiff was released to return to work on November 30, 2015. Immediately following Plaintiff's medical leave, Michael Carson, employee of Defendant HANGER, stated to Plaintiff, "I am going to make it hard for you to keep your job" Additionally, after returning from medical leave, Plaintiff was further harassed, as Plaintiff was issued write ups from Samantha Boston and David Egan for things that took place while Plaintiff was out on medical leave.

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

13. Thereafter, on January 22, 2016, Respondent HANGER discriminated and retaliated against Complainant and terminated her employment

14. Within the time provided by law, Plaintiff has filed a complaint with the California Department of Fair Employment and Housing, in full compliance with the FEHA and has received a "right-to-sue" letter.

15. At all times relevant to this action as alleged herein above and below, and prior thereto, Plaintiff suffered from a medical condition/ physical disability, with a diagnosis of asthma and Sciatica. Plaintiff's asthma and Sciatica limit major daily life activities including working in a substantial way.

**FIRST CAUSE OF ACTION**
**Breach of Cal. Govt. Code § 12900 et seq.: Age Harassment**

16. Plaintiff incorporates by reference the allegations set forth above and below.

17. Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, et seq., of the California Government Code. At all times, Government Code Section 12900 et seq. was in full force and effect and binding upon Defendant. These sections provide that no employer or person shall harass an employee because of the protected status of Age. At all times, herein, relevant Plaintiff was over the age of 40. Plaintiff in fact, was 56 years old, and thus in a protected class. Defendant harassed Plaintiff based on her protected Age.

18. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

19. As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

20. Plaintiff is informed, believes, and thereon alleges that Defendant acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## <u>SECOND CAUSE OF ACTION</u>

### Breach of Cal. Govt. Code § 12900 et seq.: Age Discrimination

21. Plaintiff incorporates by reference the allegations set forth above and below.

22. Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, et seq., of the California Government Code. At all times, Government Code Section 12900 et seq was in full force and effect and binding upon Defendant. These sections provides that no employer or person shall discriminate against an employee on the basis of Age. At all times, herein, relevant Plaintiff was over the age of 40, in fact 56 years old, and thus was in a protected class. Defendant discriminated against Plaintiff based on her protected Age.

23. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act and has obtained a "Right to Sue" letter.

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

24. As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result to Defendant's breach to retain a law firm to enforce his rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

25. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendant, knowing that Defendant's conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendant.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Breach of Cal. Govt. Code §12900, et seq.: Medical/Physical Condition Discrimination, And/or Perceived Medical/Physical Condition Discrimination

26. Plaintiff incorporates by reference the allegations set forth above and below.

27. Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendant's representations, policies and procedures, and under California law, including Sections 12900, 12940(a) and 12926, et seq., of the California Government Code. At all times, Government Code Sections 12900, 12940(a), 12940(k)(1)(A)(B)(i)(iii) including 12940(k)(4) and 12926, et seq., were in full force and effect and binding upon Defendants. These sections provide that no employer shall discriminate against an employee because of a "physical

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

disability" or "medical condition." At all times herein relevant Plaintiff had a protected medical condition and/or physical disability of severe stress, anxiety and depression. Defendant HANGER did discriminate against Plaintiff based on her protected medical condition and/or physical disabilities.

28. At all times relevant, herein, (1) Plaintiff suffered from a disability and/or was regarded as disabled, to wit, perceived by Defendant HANGER as having a disability; (2) was otherwise qualified to do the job, and; (3) suffered an adverse employment condition because of her disability. Plaintiff suffered from physical disabilities, with diagnosis of severe stress, anxiety and depression. These physical disabilities limited Plaintiff's major life activities and were communicated to Defendant HANGER through Plaintiff and Plaintiff's medical providers. Additionally, Defendant HANGER, through its actions, acknowledged Plaintiff's physical disabilities. Thereafter, on January 22, 2016, Defendant HANGER took an adverse employment action against Plaintiff because of Plaintiff's physical disabilities, when Defendant HANGER terminated Plaintiff's employment.

29. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

30. As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered, and will continue to suffer damages, the exact amount of which has not been fully ascertained, but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

31. Plaintiff is informed, believes and thereon alleges that Defendant acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to

Defendant, knowing that Defendant's conduct was substantially certain to vex, annoy and injure plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendant.

**WHEREFORE**, Plaintiff prays judgment against Defendant, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**Breach of Cal. Govt. Code §12900, et seq.: Medical/Physical Condition Harassment, And/or Perceived Medical/Physical Condition Harassment**

32. Plaintiff incorporates by reference the allegations set forth above and below.

33. Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, 12940(a) and 12926, et seq., of the California Government Code. At all times, Government Code Section 12900, 12940(a), 12940(k)(1)(A)(B)(i)(iii) including 12940(k)(4) and 12926, et seq., was in full force and effect and binding upon Defendants. These sections provide that no employer shall harass an employee because of a "physical disability" or "medical condition." At all times herein relevant, Plaintiff had a protected medical and/or physical condition. As set forth above, Jay Stratton, employee of Defendant HANGER, harassed Plaintiff because of her protected medical condition/ physical condition. The harassment altered Plaintiff's work environment to sufficiently severe and/or pervasive to create a hostile work environment for Plaintiff.

34. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and have obtained a "Right to Sue" letter.

35. As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages including but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur, costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

36. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendants, knowing that Defendants' conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## FIFTH CAUSE OF ACTION
**Breach of Cal. Govt. Code §§ 12926, et seq.: Retaliation**
**(Against Defendant HANGER)**

37. Plaintiff incorporates by reference the allegations set forth above and below.

38. Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Sections 12900, 12926, et seq., of the California Government Code. At all times, Government Code Section 12926, et seq., including 12926(k)(4), was in full force and effect and binding upon Defendant. These sections provide that no employer shall retaliate against an employee because of a "physical disability" or "medical condition" or a perceived "physical disability" or "medical condition" and/or for because the employee has engaged in protected activity including opposing age or physical disability discrimination.

39. At all times herein relevant Plaintiff had a protected medical and/or physical condition. Defendant HANGER retaliated against Plaintiff because of her protected medical and/or physical conditions and engagement in protected activity. Plaintiff incorporates by reference

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

the allegations set forth above and below. Plaintiff suffered from physical disabilities of severe stress, anxiety and depression. These physical disabilities limited Plaintiff's major life activities and were communicated to Defendant HANGER through Plaintiff and Plaintiff's medical providers. Additionally, Defendant HANGER, through its actions, acknowledged Plaintiff's physical disabilities. Thereafter, on January 22, 2016, Defendant HANGER took an adverse employment action against Plaintiff because of Plaintiff's physical disabilities, when Defendant HANGER terminated Plaintiff's employment. The January 22, 2016 termination was causally connected to Plaintiff 's physical disability and engagement in protected activities.

40. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

41. As a result of Defendant's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

42. Plaintiff is informed, believes and thereon alleges that Defendant acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendant, knowing that Defendant's conduct was substantially certain to vex, annoy and injure Plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendant HANGER.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

//

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

//

**SIXTH CAUSE OF ACTION**
**Breach of Cal. Govt. Code §12940(k): Failure to Take Reasonable Steps to Prevent Discrimination, Harassment and Retaliation**
**(Against Defendant HANGER)**

43. Plaintiff incorporates by reference the allegations set forth above and below.

44. Defendant has breached its statutory and self-imposed duties owed to Plaintiff under Defendants' representations, policies and procedures, and under California law, including Section 12940(k) of the California Government Code. At all times, Government Code Section 12940 (k) was in full force and effect and binding upon defendants. This section provides that it is unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination or harassment from occurring." Plaintiff incorporates by reference the allegations set forth above and below.

45. Plaintiff is a member of the class entitled to protection under these code sections. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act, and has obtained a "Right to Sue" letter.

46. As a result of Defendants's conduct and breach of the code section, Plaintiff has suffered and will continue to suffer damages, the exact amount of which has not been fully ascertained but is within the jurisdiction of this Court. Plaintiff is entitled to damages, including, but not limited to lost wages, salary, benefits, and certain other incidental and consequential expenses and damages in an amount to be shown at the time of trial. In addition, Plaintiff has been forced as a result of Defendant's breach to retain a law firm to enforce her rights, and has incurred and will continue to incur costs and reasonable attorneys' fees in connection herewith, recovery of which Plaintiff is entitled to according to proof.

47. Plaintiff is informed, believes and thereon alleges that Defendant acted fraudulently, maliciously and oppressively with a conscious, reckless and willful disregard, and/or with callous disregard of the probable detrimental and economic consequences to Plaintiff, and to the direct benefit to Defendant, knowing that Defendant's conduct was substantially certain to vex, annoy and injure

**THE VELEZ LAW FIRM**
Attorneys at Law
3010 Lava Ridge Ct., #180
Roseville, CA 95661

plaintiff and entitle her to punitive damages under California Civil Code §3294, in an amount sufficient to punish or to make an example of Defendant.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

a. For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

b. For exemplary damages in an amount necessary to punish defendants and to deter such conduct in the future, according to proof;

c. For reasonable attorney's fees under the FEHA and under any applicable statute, costs and expenses of litigation, according to proof;

d. For pre-judgment and post-judgment interest;

e. For Injunctive relief to abate physical disability discrimination; including all reasonable attorney's fees under the holding of *Harris v. City of Santa Monica*, (2013) 56 Cal.4th 203;

f. For economic damages;

g. For non-economic damages;

h. For such other and further relief as the Court may deem proper.

DATED: July 28, 2017

THE VELEZ LAW FIRM

/s/ Mark P. Velez
By: Mark P. Velez, Esq.,
Samantha J. Tanner
Attorney for Plaintiff
SUSANNA PALMA

//
//
//

//

**JURY DEMAND**

Plaintiff SUSANNA PALMA hereby demands trial by jury.

DATED: July 28, 2017

THE VELEZ LAW FIRM

/s/ Mark P. Velez
By: Mark P. Velez, Esq.,
Samantha J. Tanner
Attorney for Plaintiff
SUSANNA PALMA